UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:23-cv-01857

G.D.M., a minor, by and through his
parents, T.E.M. and N.F.M,

    Plaintiffs,

v.

CITY OF OVIEDO, a Florida municipal
corporation; SCOTT MOSELEY; and
YASHIRA MONCADA,

    Defendants.

_____/

## COMPLAINT

COMES NOW the Plaintiffs, G.D.M., a minor, by and through his parents, T.E.M. and N.F.M., and files this Complaint against the Defendants, City of Oviedo, a Florida municipal corporation, Scott Moseley, and Yashira Moncada, and state:

### NATURE OF ACTION

1.    This is a civil action seeking money damages in excess of $75,000 dollars, exclusive of costs, interest, and attorney's fees.

2.    This action is brought pursuant to 42 U.S.C. §1983 and §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

Page 1 of 11

Kutner, Rubinoff & Moss, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133⬥ Phone: 305.358.6200 ⬥ Fax: 305.577.8230 ⬥
www.krmlegal.com

3. The United States District Court for the Middle District of Florida has jurisdiction of this action under 42 U.S.C. §1983, 28 U.S.C. §1331, and 28 U.S.C. §1343.

4. Plaintiffs further invoke the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. §1367(a).

5. Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the Florida Statutes. Copies of the redacted notice letters are attached as Exhibit A.

## PARTIES

6. Plaintiff G.D.M is a minor and resides in Seminole County, Florida. Plaintiffs T.E.M. and N.F.M. are G.D.M.'s natural parents and are his guardians. This case is being filed under the Plaintiffs' initials since G.D.M. is a minor. The Defendants know of the Plaintiffs' identities.

7. The Defendant City of Oviedo is a Florida municipal corporation, organized and existing under the laws of the State of Florida.

8. At all relevant times, the Defendant Scott Moseley was employed as a police officer for the Defendant City of Oviedo.

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL 33133♦ Phone: 305.358.6200 ♦ Fax: 305.577.8230 ♦
www.krmlegal.com

9. At all relevant times, the Defendant Yashira Moncada was employed as a police officer for the Defendant City of Oviedo.

10. At all relevant times, the City of Oviedo acted through its servants, including Officers Moseley and Moncada.

## THE SRO AGREEMENT

11. Pursuant to an agreement dated October 13, 2022, titled "CITY OF OVIEDO/SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA SRO AGREEMENT 2022-2023" [the "SRO Agreement"], the City of Oviedo agreed to provide School Resource Officers ["SRO" or "SROs"] to Seminole County public schools.

12. On February 2, 2023, the Defendant Moncada was serving as the SRO at Stenstrom Elementary School, which is part of the Seminole County School District.

13. As part of the SRO agreement, Defendant Moncada was an employee of the Defendant City of Oviedo at the time she served as an SRO.

14. The SRO Agreement explicitly provides that "SROs are law enforcement SROs and not school administrators or school employees."

15. Exhibit A to the SRO Agreement sets forth the "SRO DUTIES AND RESPONSIBILITIES."

Kutner, Rubinoff & Moss, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133♦ Phone: 305.358.6200  ♦ Fax: 305.577.8230  ♦
www.krmlegal.com

16. Paragraph 36 of Exhibit A provides as follows: "The SRO will not use mechanical devises to restrain students with disabilities except such devises may be used in grades 6 through 12 in accordance with F.S. 1003.573. Handcuffs are considered mechanical restraints."

## THE INCIDENT

17. At all relevant times, G.D.M. was a student at Stenstrom Elementary School, part of the Seminole County School District.

18. At the time of the incident that is the basis of this Complaint, G.M. was 9 years old and was in the Fourth Grade.

19. At all relevant times, the Seminole County Public School District recognized G.D.M. as an "exceptional student" and had an Individual Educational Plan ("IEP") and Behavior Intervention Plan ("BIP") in place for G.D.M.  In part, the BIP identified "physical aggression" as a behavior problem, which the BIP defined as "hitting, kicking, pushing, throwing items and property destruction." The BIP further directed that school personnel, when confronted with G.D.M.'s physical aggression, should "not engage in any conversation other than having him complete the task" and to otherwise limit the level of attention directed to him.

20. On February 2, 2023, G.D.M. began exhibiting the physical aggression that was addressed in his BIP.  School personnel initiated the BIP by redirecting G.D.M. to the school's mailroom and used Ukeru mats to block his physical

Page 4 of 11

Kutner, Rubinoff & Moss, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133♦ Phone: 305.358.6200 ♦ Fax: 305.577.8230 ♦
www.krmlegal.com

aggression. The school personnel in the room with G.D.M. followed the BIP by minimizing interaction with him.

21. On February 2, 2023, Defendant Moncada was the School Resource Officer at Stenstrom Elementary.

22. While G.D.M. was in the mailroom, Officer Moncada arrived at the mailroom and turned on her bodycam. On this video she is heard saying, "this is why I can't be an SRO." Throughout the video, Moncada attempts to engage G.D.M. and even asks him if he wants to go to jail.

23. Eventually, Moncada calls for backup. Soon thereafter Defendant Moseley arrives. Within one minute of his arrival, Moseley tells Moncada that "I am going to handcuff him." Moncada responds, "You can do that, I can't."

24. Before the arrival of Moseley, the Certified School Counselor who was in the mailroom, specifically told Moncada not to handcuff G.D.M.

25. Moseley, then proceeded to handcuff 9-year-old G.D.M. behind his back and placed him on the floor.

26. As G.D.M. is being handcuffed, one of the school personnel says, "I don't think you can do that." Moncada responds, "He can do that because he is on the road."

Page 5 of 11

Kutner, Rubinoff & Moss, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133⬥ Phone: 305.358.6200 ⬥ Fax: 305.577.8230 ⬥
www.krmlegal.com

27. While G.D.M. is handcuffed, Moncada continues to engage him. At one point when G.D.M. says he wants to go home, Moncada replies, "you're not going to go home, so do you want to go to jail?"

28. At another point, Moseley attempts to lift up G.D.M. while holding G.D.M.'s hands, which are behind his back, causing G.D.M. to yell out in pain.

29. After this incident, at a meeting with G.D.M.'s parents and school personnel, Moncada told his parents that they were lucky that she did not arrest G.D.M. She then reiterated that "this is why I don't want to be an SRO."

## COUNT I
## EXCESSIVE USE OF FORCE BY DEFENDANT MONCADA, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

30. Plaintiffs re-allege and adopt paragraphs 1 through 29 as set forth above.

31. Defendant Moncada's direction to have Defendant Moseley handcuff G.D.M. and the resulting use of force toward G.D.M. was objectively unnecessary and unreasonable for Moncada to defend herself or any other person from bodily harm during the detention of G.D.M., and constitutes the excessive use of force in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

32. As set forth above, as a direct and proximate result of Moncada's willful, wanton, and malicious actions, G.D.M. has suffered physical and emotional abuse and injury, mental anguish, violation of is right, humiliation, discomfort,

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL 33133♦ Phone: 305.358.6200 ♦ Fax: 305.577.8230 ♦
www.krmlegal.com

embarrassment, loss of dignity, aggravation of an existing disease or mental defect, and medical expenses. These injuries and damages are permanent and will be suffered by G.D.M. into the future.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

**WHEREFORE**, the Plaintiffs, G.D.M., a minor, by and through his parents, T.E.M. and N.F.M., seek judgment against the Defendant Yashira Moncada, including an award of compensatory damages , attorney fees, costs, and all other further relief this Court deems just and proper.

## COUNT II
## EXCESSIVE USE OF FORCE BY DEFENDANT MOSELY, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

33. Plaintiffs re-allege and adopt paragraphs 1 through 29 as set forth above.

34. Defendant Mosely handcuff G.D.M. and the resulting use of force toward G.D.M. was objectively unnecessary and unreasonable for Moseley to defend himself or any other person from bodily harm during the detention of G.D.M., and constitutes the excessive use of force in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. §1983.

35. As set forth above, as a direct and proximate result of Moseley's willful, wanton, and malicious actions, G.D.M. has suffered physical and emotional abuse and injury, mental anguish, violation of is right, humiliation, discomfort,

Page 7 of 11

Kutner, Rubinoff & Moss, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133⬥ Phone: 305.358.6200 ⬥ Fax: 305.577.8230 ⬥
www.krmlegal.com

embarrassment, loss of dignity, aggravation of an existing disease or mental defect, and medical expenses. These injuries and damages are permanent and will be suffered by G.D.M. into the future. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

**WHEREFORE**, the Plaintiffs, G.D.M., a minor, by and through his parents, T.E.M. and N.F.M., seek judgment against the Defendant Scott Moseley, including an award of compensatory damages, attorney fees, costs, and all other further relief this Court deems just and proper.

## COUNT III
## BATTERY/UNNECESSARY FORCE CLAIM
## AGAINST DEFENDANT CITY OF OVIEDO

36. Plaintiffs re-allege and adopt paragraphs 1 through 29 as set forth above.

37. The use of force by Defendants Moncada and Moseley was objectively unreasonable and unnecessary for them to defend themselves or any other person from bodily harm during the detention of G.D.M.

38. The battery/unnecessary use of force by Moncada and Moseley towards Plaintiff occurred during the course and scope of their employment as police officers for Defendant City of Oviedo.

39. As set forth above, as a direct and proximate result of the employees of the City of Oviedo's willful, wanton, and malicious actions, G.D.M. has suffered

Page 8 of 11

**KUTNER, RUBINOFF & MOSS, LLP**
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133⬧ Phone: 305.358.6200 ⬧ Fax: 305.577.8230 ⬧
www.krmlegal.com

physical and emotional abuse and injury, mental anguish, violation of is right, humiliation, discomfort, embarrassment, loss of dignity, aggravation of an existing disease or mental defect, and medical expenses. These injuries and damages are permanent and will be suffered by G.D.M. into the future.

**WHEREFORE**, the Plaintiffs, G.D.M., a minor, by and through his parents, T.E.M. and N.F.M., seek judgment against the Defendant City of Oviedo, including an award of compensatory damages, attorney fees, costs, and all other further relief this Court deems just and proper.

## COUNT IV
## LIABILITY OF CITY OF OVIEDO PURSUANT TO FLA. STAT. §768.28

40. Plaintiffs re-allege and adopt paragraphs 1 through 29 as set forth above.

41. At all material times, Mercada and Mosely were acting within the course and scope of their employment as police officers for the City of Oviedo, serving the interests of the department and the City.

42. At all material times, Mercada and Mosely had the duty to comply with all applicable procedures and laws. These procedures and laws include, but are not limited to:

    a. The City of Oviedo/School Board of Seminole County, Florida SRO Agreement 2022-2023, which specifically provides that

Kutner, Rubinoff & Moss, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133♦ Phone: 305.358.6200 ♦ Fax: 305.577.8230 ♦
www.krmlegal.com

                handcuffs cannot be used on disabled students in grade 5 and below.

        b.      Oviedo Police Department General Order 8-2.0, which mandates that "Juveniles less than 12 years of age are NOT placed in handcuffs or other restraints unless they pose a risk or danger to themselves, the officer, or others."

        c.      Fla. Stat. §1003.573.

43.    Mercada and/or Moseley breached and violated these procedures and breached their obligations to G.D.M. when they jointly or individually decided to handcuff G.D.M.

44.    City of Oviedo is liable to the Plaintiffs for the wrongful conduct of Mercada and/or Moseley even if deemed intentional pursuant to Fla. Stat. §768.28 and *Hennagan v. Department of Highway Safety and Motor* Vehicles, 467 So.2d 748 (Fla. 1st DCA 1985) and *Richardson v. City of Pompano* Beach, 511 So.2d 1121 (Fla. 4th DCA 1987).

45.    As set forth above, as a direct and proximate result of Moncada's willful, wanton, and malicious actions, G.D.M. has suffered physical and emotional abuse and injury, mental anguish, violation of is right, humiliation, discomfort, embarrassment, loss of dignity, aggravation of an existing disease or mental defect,

Page 10 of 11

KUTNER, RUBINOFF & MOSS, LLP
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133♦ Phone: 305.358.6200 ♦ Fax: 305.577.8230 ♦
www.krmlegal.com

and medical expenses. These injuries and damages are permanent and will be suffered by G.D.M. into the future.

**WHEREFORE**, the Plaintiffs, G.D.M., a minor, by and through his parents, T.E.M. and N.F.M., seek judgment against the Defendant City of Oviedo, including an award of compensatory damages, attorney fees, costs, and all other further relief this Court deems just and proper.

## JURY DEMAND

The Plaintiffs demand trial by jury of all issues so triable as of right by jury.

          **KUTNER, RUBINOFF & MOSS, LLP**
          2665 South Bayshore Drive
          Suite 301
          Coconut Grove, Florida  33133
          Phone:     305-358-6200
          Fax:   305-577-8230

          By:   *s/Andrew M. Moss*
                Andrew M. Moss
                Florida Bar No. 0170259
                Moss@krmlegal.com

**KUTNER, RUBINOFF & MOSS, LLP**
2665 South Bayshore Drive, Suite 301, Coconut Grove, FL  33133♦ Phone: 305.358.6200  ♦ Fax: 305.577.8230  ♦
www.krmlegal.com