UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

G.D.M., a minor, by and through his
Parents, T.E.M. and N.F.M.,

    Plaintiffs,

v.                                                            CASE NO.: 6:23-cv-01857-RBD-LHP

CITY OF OVIEDO, a Florida municipal
Corporation; SCOTT MOSELEY; and
YASHIRA MONCADA,

    Defendants.
_____/

**DEFENDANTS' JOINT AND UNOPPOSED
MOTION TO MAKE NON-ELECTRONIC FILING AND
MOTION TO FILE UNDER SEAL BODYWORN CAMERA FOOTAGE**

Defendants City of Oviedo, a Florida municipal corporation; Scott Moseley, individually; and Yashira Moncada, individually, by and through their respective undersigned counsel and pursuant to Local Rule 1.11 and Federal Rule of Civil Procedure 5.2(a) and (d), move the Court for an Order granting them leave to file under seal a USB flash drive containing two (2) bodyworn camera footage videos and for this filing to be made non-electronically, and state:

    1.    On September 27, 2023, Plaintiffs filed a Complaint alleging federal claims of excessive force against Moncada and Moseley, and state law claims of battery against the City of Oviedo. (Doc. 1). The deadline for Defendants to file a responsive pleading is December 1, 2023. (Doc. 8).

2.     Defendants each intend to file a Motion to Dismiss in response to the Complaint. On a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c), matters outside the pleadings may be presented to the Court. Fed. R. Civ. P. 12(d).

3.     Pursuant to Local Rule 1.11(b), Defendants would propose to file under seal the following items, via submission of one flash drive to the Court (with copy to counsel): (a) bodyworn camera footage of Scott Moseley; and (b) the bodyworn camera footage of Yashira Moncada.

4.     The reason for filing the bodyworn camera footage under seal is that they depict G.D.M., a minor, and references to G.D.M. by name; therefore, these items are confidential pursuant to Federal Rule of Civil Procedure 5.2(a) and 5.2(d). The filing of these materials presents to the Court the factual background of the case and the incident alleged in the Complaint.

5.     Pursuant to Local Rule 1.11(b)(6), the person authorized to retrieve the sealed items is:

> Thomas Poulton
> DeBevoise & Poulton, P.A.
> Suite 1010
> 1035 South Semoran Boulevard
> Winter Park, FL 32792
> (407) 673-5000
> *poulton@debevoisepoulton.com*

6.     Pursuant to Local Rule 1.11(f), the anticipated length of the seal is the duration of the case.

7. <u>Local Rule 3.01(g) Certification</u>: Ana Cristina Cuello, counsel for Defendants Moncada and Moseley, certifies she conferred with Plaintiff's counsel on November 20, 2023, via telephone conference regarding the relief sought in this motion on behalf of Moncada, Moseley, and City of Oviedo. Plaintiff's counsel advised the motion is unopposed.

WHEREFORE, Defendants move the Court for entry of an Order allowing them to file under seal two (2) bodyworn camera footage videos and for this filing to be made non-electronically.

## MEMORANDUM OF LAW

Pursuant to Local Rule 3.01(a) and 1.11(b), Defendants submit the following Memorandum of Law in support of this motion:

### I. Motion to File Under Seal Bodyworn Camera Footage.

The Administrative Procedures for Electronic Filing provide that leave of court is required before filing a document under seal. *See* CM/ECF Administrative Procedures, U.S. District Court – Middle District of Florida (Dec. 1, 2022), section J(A)(a). A party seeking to file a document under seal needs to address the applicable requirements of Local Rule 1.11 in addition to the Eleventh Circuit's standard regarding "the public's common law interest and right of access to inspect and copy judicial records." *Baxter v. Hendren*, 6:21-cv-718-CEM-LHP, 2023 WL 2664171, at *1 (M.D. Fla. Mar. 28, 2023) (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 f.3D 1304, 1311-12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985)).

Local Rule 1.11 discusses the filing under seal in a civil action, noting that "sealing is unavailable absent a compelling justification." Local Rule 1.11(a). If the filing under seal is authorized by a statute, rule, or order, a motion for leave to file under seal must cite the statute, role, or order authorizing the seal; describe the item submitted for sealing; establish that the item submitted is within the statute, rule, or order; propose a duration of the seal; provide the information of the person authorized to retrieve the sealed, tangible item; and must not include the item proposed for sealing. Local Rule 1.11(b).

This suit involves allegations regarding G.D.M., a minor, and Moncada and Moseley's interactions with G.D.M. The bodyworn camera footage of Moncada and Moseley depict G.D.M. throughout the entirety of the videos and include several audio references to G.D.M. by first name. Redaction is not reasonably practicable here, particularly as to the depictions of G.D.M. Where redaction is impractical and there is good cause to seal the record as to identifying information of minors, the Court may grant a motion to file under seal. *J.C., by and through M.C., v. School Board of St. Johns County, Florida*, 3:14-cv-1225, 2015 WL 13735451, at *1-2 (M.D. Fla. Jan. 14, 2015) (finding that administrative record of disabled minor was subject to common law right of access, but the minor's interest in maintaining confidentiality of identity justified submission under seal); *Wheatcroft v. Glendale*, 19-02347, 2021 WL 3617676, at *1 (D. Arizona, Aug. 16, 2021) (granting motions to file under seal, citing cases regarding motions to seal pleadings and exhibits identifying minors); *see also Baxter*,

2023 WL 2664171, at *1 (granting motion to file under seal bodyworn camera footage depicting minor child and references to the minor by name).

While the right of access creates a rebuttable presumption in favor of openness of court records, this rebuttable presumption may be "overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019). This Court has examined what constitutes "good cause" in balancing the public's right of access to court proceedings and a party's interest in keeping information confidential:

> In this Circuit, it is well settled that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern" and the integrity of the judiciary is maintained by the public's right of access to court proceedings. *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir.2007) (citing *Landmark Commc'ns, Inc. v. Virginia,* 435 U.S. 829, 839, 98 S. Ct. 1535, 56 L. Ed. 2d 1 (1978)). The public's right "includes the right to inspect and copy public records and documents." *Chicago Tribune Co. et al. v. Bridgestone/Firestone, Inc.* 263 F.3d 1304, 1311 (11th Cir. 2001).
>
> Courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions. "'[T]here is a presumptive right of public access to pretrial motions of a non-discovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'" *Romero,* 480 F.3d at1246 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 164 (3d Cir.1993)). Thus, there is a presumptive right of public access to the information the parties wish to seal.
>
> "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the

5

> other party's interest in keeping the information confidential." *Romero,* 480 F.3d at 1245 (quoting *Chicago Tribune,* 263 F.3d at 1313).  In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246.  "Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." *Vista India, Inc. v. Raaga, LLC,* Case No. 07–1262, 2008 WL 834399, at *2 (D.N.J. Mar. 27, 2009).

*Breedlove v. Hartford Life and Acc. Ins. Co.*, 2013 WL 193251, at *1-2 (M.D. Fla. May 9, 2013).

In this matter, good cause exists for filing under seal the bodyworn camera footage videos of Moncada and Moseley.  This motion is unopposed.  There will be no prejudice to the Court or to the parties by the granting of this motion.  Should the Court determine after reviewing the materials that this motion was unwarranted, the Court can remedy that by ordering the items unsealed under Federal Rule of Civil Procedure 5.2(d).

**II.**     **Motion to Make Non-Electronic Filing of Bodyworn Camera Footage.**

Electronic filing is mandatory, unless otherwise provided by the Administrative Procedures, the Local Rules, or a Court Order.  The former Administrative Procedures for Electronic Filing provided that "[i]f an E-filer is unable to file a document or item electronically because the document or item cannot be scanned, the E-Filer must file that document or item with the Clerk's Office and submit a Notice of Filing Electronically." *See* Section III.A.1.b., Admin. Proc. for Electronic Filing, Middle

District of Florida (June 5, 2015). The current iteration of the rules does not specify a procedure for non-electronic filing.

The instant motion requests authorization for the non-electronic filing of a USB flash drive, containing two (2) bodyworn camera videos, pursuant to the Court's Administrative Procedures for Electronic Filing. The bodyworn camera footage is relevant to each Defendant's Motion to Dismiss and otherwise should be made available to the Court.

DATED this 22nd day of November 2023.

*s/ Ana Cristina Cuello*
THOMAS W. POULTON, ESQ.
Florida Bar No.: 0083798
*poulton@debevoisepoulton.com*
ANA CRISTINA CUELLO, ESQ.
Florida Bar No.: 1010406
*cuello@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321-203-4304
*Attorneys for Defendants*
*Moseley and Moncada*

*s/ Donovan A. Roper*
DONOVAN A. ROPER, ESQ.
Florida Bar No.: 858544
*donroper@roperandroper.com*
ROPER & ROPER, P.A.
116 N. Park Avenue
Apopka, Florida 32703
Telephone: 407-884-9944
Facsimile: 407-884-4343
*Attorneys for Defendant City of Oviedo*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of November 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will also serve notice via electronic mail to the following:  Andrew M. Moss, Esq., *moss@krmlegal.com*, Kutner, Rubinoff & Moss, LLP, 2665 South Bayshore Drive, Suite 301, Coconut Grove, Florida 33133 and Donovan A. Roper, Esq., *donroper@roperandroper.com*, Roper & Roper, P.A., 116 N. Park Avenue, Apopka, Florida 32703.

    *s/ Ana Cristina Cuello*
THOMAS W. POULTON, ESQ.
Florida Bar No.:  0083798
*poulton@debevoisepoulton.com*
ANA CRISTINA CUELLO, ESQ.
Florida Bar No.: 1010406
*cuello@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida  32792
Telephone:   407-673-5000
Facsimile:    321-203-4304
*Attorneys for Defendants*
*Moseley and Moncada*