**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

G.D.M.,

        Plaintiff,

v.	Case No:   6:23-cv-1857-RBD-LHP

CITY OF OVIEDO, FLORIDA, SCOTT
MOSELEY and YASHIRA
MONCADA,

        Defendants

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS' JOINT AND UNOPPOSED MOTION TO MAKE NON-ELECTRONIC FILING AND MOTION TO FILE UNDER SEAL BODYWORN CAMERA FOOTAGE (Doc. No. 19)**
>
> **FILED:** November 22, 2023
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendants move to file under seal a USB flash drive containing two (2) bodycam footage videos depicting the incident at issue involving Plaintiff, who is a

minor, with the videos both depicting Plaintiff and referencing Plaintiff by name. Doc. No. 19. Defendants wish to file the USB flash drive under seal in support of their forthcoming motions to dismiss. *Id.* at 2. Plaintiff does not oppose. *Id.* at 3.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11. The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records. *See, e.g.*, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).

Upon review, the Court finds good cause to permit the bodycam footage to be filed under seal, based on the representations in the motion. *See* Doc. No. 19. *See also* Fed. R. Civ. P. 5.2. However, upon review, the Court may require that some or all of the information filed under seal be filed in the public record, if it

determines that the exhibits are not properly subject to sealing. Accordingly, it is **ORDERED** as follows:

1. Defendants' Joint and Unopposed Motion to Make Non-Electronic Filing and Motion to File Under Seal Bodyworn Camera Footage (Doc. No. 19) is **GRANTED**.

2. On or before **December 5, 2023**, Defendants shall file with the Clerk of Court under seal the USB flash drive containing the two (2) bodycam footage videos at issue.

3. Upon review of the exhibits, the Court may require that some or all of the information filed under seal be filed in the public record, if it determines that the exhibits are not properly subject to sealing. Otherwise, this seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted. *See* Local Rule 1.11(f).

4. Nothing in this Order shall be interpreted as ruling on whether the bodycam footage videos may appropriately be relied upon at the motion to dismiss stage, as that issue is not before the Court.

**DONE** and **ORDERED** in Orlando, Florida on November 28, 2023.

Leslie Hoffman Price
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

- 4 -

Copies furnished to:

Counsel of Record
Unrepresented Parties