**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

G.D.M.,

        Plaintiff,

v.                                               Case No:   6:23-cv-1857-RBD-LHP

CITY OF OVIEDO, FLORIDA, SCOTT
MOSELEY and YASHIRA
MONCADA,

        Defendants

---

**SUPPLEMENTAL BRIEFING ORDER**

This cause comes before the Court on review of Defendants Moseley and Moncada's Short-Form Discovery Motion for Protective Order and for Limited Stay of Discovery (Doc. No. 46), and Plaintiff's Response in Opposition (Doc. No. 47). Upon review, the Court finds supplemental briefing from the parties appropriate. *See* Doc. No. 30 ¶ 6.

Accordingly, it is **ORDERED** that on or before **May 21, 2024**, the parties shall each file a supplemental brief, not to exceed **ten (10) pages** in length, addressing, **with citation to applicable legal authority**,[1] the following:

---

[1] General citations to the Federal Rules of Civil Procedure or principles regarding

1. Whether the motion for protective order is in effect premature because it does not appear from the present motion (Doc. No. 46) that the depositions of Defendants Moseley and Moncada have been scheduled for a date certain.

2. Whether the rulings made by the Honorable Roy B. Dalton, Jr. at the April 3, 2024 hearing have any effect on the present dispute regarding the propriety of staying the depositions of Defendants Moseley and Moncada, specifically the following statements regarding qualified immunity:

> I'm going to deny the motion to dismiss, except as to . . . . count four.
>
> . . . .
>
> I'm not sure that your case is going to survive summary judgment, Mr. Moss. So I don't mean to suggest to you by my ruling on the motion to dismiss that I think it is.
>
> But for purposes of the record, I think that the facts need to be more fully developed in order for me to ascertain whether or not the conduct of either of the officers under the totality of the circumstances was objectively reasonable. And if so, whether or not they qualify for -- or whether they're eligible for qualified immunity. I don't have sufficient facts to make that determination here.
>
> I have had a chance to look at the video. I do think that the video, while certainly I would say is probably favorable to the defense, I don't think it resolves all questions of fact with respect to what happened and whether or not the conduct of the individuals involved -- I don't think it definitively establishes the absence of a

---

requests to stay discovery will not alone suffice.

constitutional violation in the absence of other information which might be developed on the record.

Doc. No. 41, at 19–20.

3. Relatedly, the parties shall address whether the subsequent filing of the amended complaint (Doc. No. 38), the City's answer (Doc. No. 43), and the Court's subsequent endorsed order (Doc. No. 44) affect the analysis, particularly in light of Plaintiff's statements in response to the pending motion to dismiss that "Defendant Officers now move to dismiss the Amended Complaint with the *identical* arguments they previously made in response to the initial complaint," and that "[n]ot a single factual allegation was added or deleted in the Amended Complaint."  *See* Doc. No. 45, at 2.

4. Whether, assuming a stay of discovery as to Defendants Moseley and Moncada is warranted under governing law and on the facts of this case, the depositions should still proceed on a limited basis to obtain information relevant and necessary to the claims against the City.  *See* Doc. No. 47, at 2.

**Incorporation by reference of previously filed motions and/or exhibits will not be permitted, and the parties are cautioned that the supplemental briefing shall stand on its own, which the Court will consider in conjunction with the pending motion (Doc. No. 46) and response (Doc. No. 47).**

**DONE** and **ORDERED** in Orlando, Florida on May 14, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties