# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

G.D.M.,

        Plaintiff,

v.                                          Case No:   6:23-cv-1857-RBD-LHP

CITY OF OVIEDO, FLORIDA, SCOTT
MOSELEY and YASHIRA
MONCADA,

        Defendants

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANTS MOSELEY AND MONCADA'S SHORT-FORM DISCOVERY MOTION FOR PROTECTIVE ORDER OR FOR LIMITED STAY OF DISCOVERY (Doc. No. 46)
>
> **FILED:** May 10, 2024
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendants Scott Moseley and Yashira Moncada, police officers for the City of Oviedo, move for a protective order and limited stay of discovery pending

resolution of the issue of qualified immunity raised in their motion to dismiss the amended complaint. Doc. No. 46; *see also* Doc. No. 42 (motion to dismiss), Doc. No. 38 (amended complaint). Specifically, Plaintiff has scheduled their depositions for June 10 and June 11, 2024, and Officers Moseley and Moncada wish to delay the depositions pending resolution of the motion to dismiss. Doc. No. 46; *see also* Doc. No. 49-1. Plaintiff opposes, arguing only that because Defendant the City of Oviedo has answered the complaint, Doc. No. 43, Officers Moseley and Moncada's depositions are still relevant and necessary to the claims against the City. Doc. No. 47.[1]

Upon consideration, the Court ordered supplemental briefing from the parties, to include discussion and legal authority directed to, among other things, whether rulings by the presiding District Judge related to Defendants' motions to dismiss the initial complaint and the filing of the amended complaint had any effect on the analysis, and whether, assuming a stay of discovery as to Officers Moseley and Moncada were warranted, whether the depositions should proceed on a limited basis as to obtaining information relevant and necessary to claims against the City. Doc. No. 48. Both parties timely complied. Doc. Nos. 49–50. Officers Moseley and Moncada maintain that a limited stay of discovery as to their depositions is

---

[1] Defendant the City of Oviedo does not oppose the motion. *See* Doc. No. 46, at 4.

warranted, the Court "has not yet made a ruling on qualified immunity," *see* Doc. No. 39, and they "see no meaningful way that they can be deposed 'on a limited basis' that is any different than if they were deposed as parties." Doc. No. 49. Plaintiff, on the other hand, maintains that the depositions should go forward, but agrees that "there is no reasonable way to limit the depositions." Doc. No. 50.

On review, the Court finds Defendant's motion and the request for a limited stay of discovery as to their depositions well taken, based on the circumstances of this case, and the lack of legal authority supporting Plaintiff's contrary position. *See* Doc. Nos. 47, 50. Specifically, despite the discussion at the hearing on Defendants' initial motions to dismiss, *see* Doc. No. 41, Plaintiff filed an amended complaint before any ruling issued, *see* Doc. No. 38, and the motions to dismiss were therefore denied as moot, *see* Doc. No. 39. The Court stated that "it has not yet made a ruling on qualified immunity," and that Defendants were permitted to raise the issue of qualified immunity in response to an amended complaint, *see* Doc. Nos. 39, 44.

Thus, because the issue of qualified immunity remains outstanding, it is appropriate to stay Officers Moseley and Moncada's depositions pending resolution of this issue. *See JERMC, Ltd. v. Town of Redington Shores*, No. 8:19-cv-688-T-60AAS, 2020 WL 2850144, at *2 (M.D. Fla. June 2, 2020) (finding good cause to stay depositions pending resolution of issue of qualified immunity raised by

- 3 -

motion to dismiss); *Iqbal v. Dep't of Just.*, No. 3:11-cv-369-J-37JBT, 2013 WL 3903642, at *2 (M.D. Fla. July 29, 2013) (same); *Dunedin Dev. Co., LLC v. City of Dunedin, Fla.*, No. 8:09-cv-00303-T-33AEP, 2009 WL 10708338, at *1 (M.D. Fla. Oct. 7, 2009) (same); *see also Barnett v. MacArthur*, No. 6:15-cv-469-Orl-18DAB, 2015 WL 13657546, at *3 (M.D. Fla. June 19, 2015) ("A long line of cases reflect that there is a strong disinclination in this Circuit to allowing discovery before the qualified immunity assessment is made."). This Order shall not be interpreted as expressing any opinion as to whether Officers Moseley and Moncada are entitled to qualified immunity or the merits of their motion to dismiss (Doc. No. 42).

The Court inquired as to whether Officers Moseley and Moncada's depositions should proceed on a limited basis as to the claims against the City, Doc. No. 48, but the parties agree that the depositions cannot be so limited, Doc. Nos. 49–50. Therefore, the Court finds it appropriate to stay the depositions in toto pending resolution of the issue of qualified immunity. *See, e.g.*, *Dunedin Dev. Co., LLC*, 2009 WL 10708338, at *1 ("[T]he Court finds that a narrowly tailored deposition at this stage in the case is unwarranted because a second deposition of [the officer defendant] may be necessary depending upon the Court's ruling on the pending dispositive motion . . . ."). Plaintiff does not argue prejudice by a limited stay, Doc. Nos. 47, 50, and given that the discovery deadline is set for February 28, 2025, *see*

- 4 -

Doc. No. 28, the Court discerns none at this time.  *See id.* (finding no prejudice for similar reasons).

Accordingly, Defendants Moseley and Moncada's Short-Form Discovery Motion for Protective Order or for Limited Stay of Discovery (Doc. No. 46) is **GRANTED**, and the depositions of Officers Moseley and Moncada are **STAYED** pending resolution of the motion to dismiss based on qualified immunity (Doc. No. 42).

**DONE** and **ORDERED** in Orlando, Florida on May 20, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties